# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

RYAN WILLIAMS,

        Plaintiff,

vs.

ALLEGIANT AIR,

        Defendant.

Case No. 2:19-cv-00276-JAD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [EFC NO. 1] AND COMPLAINT [EFC NO. 1-1]

Before the Court are Plaintiff Ryan Williams' application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Williams' *in forma pauperis* application is granted. The Court, however, orders that Williams' complaint be dismissed without prejudice.

## DISCUSSION

Williams' filings present two questions: (1) whether she may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether her complaint states a plausible claim for relief. Each is discussed below.

**I.    Williams May Proceed *In Forma Pauperis***

Williams' application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to her affidavit, Williams is unemployed with past due monthly expenses. (ECF No. 1). Williams' application to proceed *in forma pauperis* is, therefore, granted.

1

## II. Section 1915(e) Screening

Because the Court grants Williams' application to proceed *in forma pauperis*, the Court must review her complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plaint statement of the grounds for the court's jurisdiction …[and]…a short and plain statement of the claim showing that the pleader is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Williams brings discrimination claims against her former employer, Allegiant Air, under Title VII and various Nevada Statutes. (ECF No. 1-1 at 8-9). However, "[i]n order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies…by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002), *citing* 42 U.S.C. § 2000e–5(b). Williams' complaint does not state that she timely filed a charge with the EEOC or a state agency and received a notice of right to sue. *See Myers-Desco v. Lowe's HIW, Inc.*, 484 F. App'x 169, 171 (9th Cir. 2012). Therefore, it is not apparent that the Court has jurisdiction over Williams' discrimination claims.

Williams also brings wrongful termination; negligent hiring, training, and suspension; intentional infliction of emotional distress; and negligent infliction of emotional distress claims. (ECF No. 1-1 at 9-11). The Court does not have original jurisdiction over these claims, as they are based on state rather than

federal law. 28 U.S.C. § 1331. The Court may have supplemental jurisdiction over these claims should Williams demonstrate that the Court has jurisdiction over her Title VII claims. 28 U.S.C. § 1367(a).

Therefore, Williams' complaint is hereby dismissed without prejudice. This will allow Williams the opportunity to include necessary details regarding her Title VII claim, which will assist the Court in determining whether it has jurisdiction in this case.

Accordingly, and for good cause shown,

IT IS ORDERED that Williams' Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Williams is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Williams' complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Williams' complaint is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams has until March 29, 2019 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice of the complaint.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

3

# NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 25th day of February, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE