**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RYAN WILLIAMS,

          Plaintiff,

vs.

ALLEGIANT AIR,

          Defendant.

Case No. 2:19-cv-00276-JAD-VCF

**REPORT AND RECOMMENDATION**

AMENDED COMPLAINT [EFC NO. 5]

     Before the Court is Plaintiff Ryan Williams' amended complaint. (ECF No. 5). For the reasons stated below, the Court recommends that Williams' claim for wrongful termination in violation of public policy be dismissed with prejudice, and the remainder of the case proceed in the normal course.

**BACKGROUND**

     The Court previously granted Williams' application to proceed *in forma pauperis* and dismissed her complaint without prejudice. (ECF No. 3). The Court held that she did "not state that she timely filed a charge with the EEOC or a state agency and received a notice of right to sue…Therefore, it is not apparent that the Court has jurisdiction over Williams' discrimination claims" under Title VII or various Nevada statutes. (*Id.* at 2).

     Williams' amended complaint[1] brings claims for (1) sex discrimination and harassment under Title VII and NRS § 613.330, (2) retaliation under Title VII, (3) wrongful termination, (4) negligent hiring, training, and suspension, (5) intentional infliction of emotional distress, and (6) negligent infliction of

---

[1] The amended complaint also mentions that Williams has been receiving unemployment benefits are her only means of income. (ECF No. 5 at 1). The Court finds that Williams' unemployment benefits are not sufficient to change the Court's ruling on Williams' application to proceed *in forma pauperis*.

1

emotional distress against Defendant Allegiant Air. (ECF No. 5 at 12-15). Williams alleges that she was repeatedly harassed by other employees, and that she was terminated in retaliation for reporting the harassment. (*Id.* at 2). Williams alleges that a senior-level executive made "aggressive unsolicited comments to [her] in regards to her body, type, health, and eating habits" and stated that she needed to be supervised by a man to work well. (*Id.* at 4-8). Williams also alleges that other employees made her feel objectified by the way they interacted with her. (*Id.* at 9-10). Williams was terminated after a negative interaction with one of these employees and after she reported the other employees' behavior. (*Id.* at 10-12). Williams states that she timely filed her original complaint after receiving a right to sue notice from the EEOC. (*Id.* at 1).

## ANALYSIS

Because the Court granted Williams' application to proceed *in forma pauperis*, the Court must review her complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Courts must liberally construe pleadings drafted by pro se litigants. *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). Under NRS § 613.330(1), "it is an unlawful employment practice for an employer…[to] discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her…sex." "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

working environment." *Meritor*, 477 U.S. at 67 (internal quotation omitted).  Williams alleges: (1) several coworkers treated her unfairly and objectified her because of her sex, leading to a hostile work environment that impacted her ability to do her job (ECF No. 5 at 4-10), and (2) Allegiant Air did not take action to stop this behavior, despite Williams' reports (*Id.* at 4-12).  Read liberally, Plaintiff states a colorable claim for sexual discrimination and harassment under Title VII and NRS § 613.330.

"The elements of a prima facie retaliation claim are, (1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008).  "Protected activity includes…providing testimony regarding an employer's alleged unlawful practices, as well as engaging in other activity intended to "oppose[]" an employer's discriminatory practices." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), opinion amended on denial of reh'g, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003). Plaintiff alleges that she reported the discriminatory and harassing behavior of employees, including a senior-level executive, to management and that she was shortly thereafter terminated.  (ECF No. 5 at 4-12).  Read liberally, Plaintiff states a colorable claim for retaliation under Title VII.

"An employer commits a wrongful termination (primarily known in Nevada jurisprudence as tortious discharge) 'by terminating an employee for reasons [that] violate public policy.'" *Sanders v. Sodexo, Inc.*, No. 2:15-cv-00371-JAD-GWF, 2015 WL 4477697, at *3 (D. Nev. July 20, 2015) (quoting *D'Angelo v. Gardner,* 819 P.2d 206, 212 (Nev.1991)).  However, "Nevada law bars a claim for wrongful termination 'when a plaintiff has an adequate, comprehensive, statutory remedy.'" *Id.* (quoting *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791 (Nev.2009)).  In this case, Williams' wrongful termination claim arises from the same facts that she bases her Title VII claims on—Williams asserts that Allegiant Air "violated a public policy of the State of Nevada against retaliation for reporting or complaining about

3

harassment and/or discrimination." (ECF No. 5 at 13). Title VII provides an adequate statutory remedy for Williams' alleged injury. Therefore, Williams' wrongful termination claim should be dismissed with prejudice.

A claim for negligent hiring, retention, or supervision requires a showing that "(1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's injuries; and (4) damages." *Peterson v. Miranda*, 991 F. Supp. 2d 1109, 1118 (D. Nev.), *on reconsideration in part*, 57 F. Supp. 3d 1271 (D. Nev. 2014) (quoting *Hall v. SSF*, Inc., 112 Nev. 1384, 930 P.2d 94, 99 (1996)). Williams asserts that Allegiant Air was negligent in supervising its employees to ensure that discrimination and harassment did not take place or was at least corrected once reported. (ECF No. 5 at 14). Williams alleges that several employees (1) engaged in harassment or discrimination, (2) viewed the discrimination and harassment without taking steps to correct it, and (3) did not respond to Williams' complaints of discrimination and harassment. (*Id.* at 4-12). Read liberally, Plaintiff states a colorable claim for negligent hiring, retention, or supervision

"To state a claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation.'" *Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1142 (D. Nev. 2014) (quoting *Welder v. Univ. of S. Nevada*, 833 F.Supp.2d 1240, 1245 (D.Nev.2011)). "A claim for negligent infliction of emotional distress for harm inflicted directly upon the plaintiff is only available where the plaintiff has asserted a negligence claim that includes emotional distress as an element of the damages suffered." *Ferm v. McCarty*, No. 2:12-cv-00782-RFB-PAL, 2014 WL 6983234, at *7 (D. Nev. Dec. 9, 2014). Williams alleges that, based on Allegiant Air's conduct, she has been diagnosed with "High Stress

with enlarged blood cells" and has suffered migraines, "depression, anxiety, stress, sleeplessness, loss of appetite, humiliation, [] embarrassment," "extreme emotional distress, [and] indignity." (ECF No. 5 at 9, 15). Read liberally, Plaintiff states colorable claims for intentional and negligent infliction of emotional distress.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Williams' claim for wrongful termination be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the Clerk of Court issue Summons to the Defendant in this case so the remaining claims may proceed and that the Clerk of the Court mail a copy of the *pro se* packet to Williams.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 5th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE